UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AVA JOHNSON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES CAPITOL POLICE BOARD,<br><br>    Defendant. | Civil Action 03-00614  (HHK) |

**MEMORANDUM OPINION AND ORDER**

  Plaintiffs Ava Johnson and Peggy Wilson allege that their employer, the United States Capitol Police Board ("USCP") discriminated against them on the basis of race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Congressional Accountability Act of 1995 ("CAA"), 2 U.S.C. §§ 1301–1438.  On June 15, 2005, USCP filed a notice indicating that plaintiff Johnson had died on May 4, 2005.  On July 5, 2005, the court denied USCP's motion for summary judgment.  Trial is currently scheduled to begin on August 22, 2005.

  Presently before the court are USCP's motion to dismiss Johnson [#95], and plaintiffs' motion for substitution of a party [#98].  Upon consideration of the motions, the oppositions thereto, and the record of this case, the court concludes that USCP's motion must be denied while plaintiffs' motion must be granted.

**Dismissal**

USCP asserts that Johnson's death extinguished her legal claim, and that she must now be dismissed from this action. Title VII itself makes no provision for whether a plaintiff's cause of action survives her death. In this and other jurisdictions, however, courts have determined that "a decedent's claim brought under Title VII survives." *Berger v. Iron Workers, Reinforced Rodmen Local 201*, 1990 WL 170673 at *2 (D.D.C. Oct. 24, 1990) (citing *Kilgo v. Bowman*, 789 F.2d 859, 876 (11th Cir. 1986), *Kahn v. Grotnes Metalforming Sys., Inc.*, 679 F. Supp. 751, 756 (N.D. Ill. 1988)); *see also Pueschel v. Veneman*, 185 F. Supp. 2d 566, 571-72 (D. Md. 2002) ("a Title VII claim pressed by the personal representative of a deceased former employee may be adjudicated."). This is because "a federal cause of action generally survives the death of the plaintiff, unless the remedy is penal in nature," *James v. Home Constr. Co.*, 621 F.2d 727, 730 (5th Cir. 1980), and because rather than being penal, "Title VII is remedial legislation," *Thomas v. Mineta*, 310 F. Supp. 2d 198, 206 (D.D.C. 2004) (citing *Bethel v. Jefferson*, 589 F.2d 631, 642 (D.C. Cir. 1978)); *see also Thompson v. Sawyer*, 678 F.2d 257, 289 n.33 (D.C. Cir. 1982) ("back pay awards under Title VII are clearly not penal."); *Hubbard v. Adm'r, EPA*, 982 F.2d 531, 537 (D.C. Cir. 1992) ("The remedies available under Title VII exist to make whole the employee discriminated against . . ."). While USCP concedes that "Title VII would appear to allow the substitution of a legal representative in the place of a decedent," it argues that "the uniqueness of the CAA necessitates a different result." Def.'s Mot. to Dismiss at 8. This argument has no merit.

CAA provides that "all personnel actions affecting covered employees shall be made free from any discrimination based on – (1) race, color, religion, sex, or national origin, within the meaning of" Title VII. 2 U.S.C. § 1311(a). The remedy for a violation of this provision "shall be . . . such remedy as would be appropriate if awarded under" Title VII. *Id*. § 1311(b)(1). It is well recognized that "CAA affords congressional employees . . . the same rights and protections against discriminatory and retaliatory behavior as are guaranteed noncongressional employees under Title VII," *Peterson v. Hantman*, 227 F.R.D. 13, 14 n.1 (D.D.C. 2005).

USCP is correct that CAA does not track Title VII word-for-word. Most obviously, CAA provides for a specific, and exclusive, administrative process that a complainant must exhaust before filing suit in district court. The employee must request, and undergo, counseling within 180 days of the alleged violation, 2 U.S.C. § 1402(a); must file a request for mediation within 15 days of receiving notice of the end of the counseling period, *id*. § 1403(a); and must, after waiting 30 days, elect within 60 days to either file a complaint with the Office of Compliance or file an action in district court, *id*. § 1404. USCP cites *Blackmon-Malloy v. United States Capitol Police Board*, 338 F. Supp. 2d 97 (D.D.C. 2004), to shore up its assertion that "[a]llowing Plaintiff Johnson's estate administrator, or anyone else, to proceed in her stead, would go beyond the limited waiver of sovereign immunity provided by" CAA. Def.'s Mot. to Dismiss at 10. USCP's reliance on *Blackmon-Molloy*, however, is misplaced.[1] In that case, the court found that African-American officers of the United States Capitol Police had failed to

---

[1] Similarly, USCP's citation to *Halcomb v. Office of the Senate Sergeant-at-Arms*, 209 F. Supp. 2d 175 (D.D.C. 2002) fails to provide meaningful support for defendant's motion. The court in *Halcomb* simply found that CAA did not permit equitable tolling in the face of "plaintiff's failure to even engage in the requisite administrative procedures needed to confer jurisdiction" upon the court. *Id*. at 178.

make timely requests for counseling, as mandated by CAA, and had failed to attend the required mediation sessions. Accordingly, the court dismissed the officers' claims. The court rejected plaintiffs' argument that one individual officer could fulfill the counseling and mediation requirements on behalf of the other plaintiffs, finding that CAA would not allow "one person to fulfill the requirements for others." 338 F. Supp. 2d at 107. The court then dismissed plaintiffs' claims, because CAA only waived sovereign immunity for "a covered employee who has undertaken and completed the procedures described in sections 1402 [counseling] and 1403 [mediation]," 2 U.S.C. § 1361(e).

Here, the parties do not dispute that Johnson underwent the counseling and mediation requirements, and thus properly exhausted her administrative remedies under CAA. There is no question, then, that Johnson is a "covered employee" who pursued her claim under the procedures mandated by CAA, in contrast with the plaintiffs in *Blackmon-Malloy* and *Halcomb*. Johnson simply had the misfortune to die before her claims could be resolved at trial. USCP's position would also mean that Congress and the legislative offices under its control could discriminate with impunity so long as the employee died before having her day in court. Accepting USCP's contention – that because Johnson's estate is not a 'covered employee,' it may not pursue Johnson's claim – would contort CAA's administrative requirements and undermine the very purpose of the statute, "to make the guarantees of Title VII . . . applicable to the Legislative Branch." *Baker v. Library of Cong.*, 260 F. Supp. 2d 59, 64 (D.D.C. 2004) (citing 2 U.S.C. § 1302). Finally, CAA itself forbids racially discriminatory *conduct*, which the statute makes unlawful irrespective of whether the affected employee, once she has pursued the required administrative process, is living through the end of trial. *See* 2 U.S.C. § 1311(a)

(prohibiting discrimination in "*all personnel actions* affecting covered employees") (emphasis added). For these reasons, the court denies USCP's motion to dismiss Johnson's claims.

**Substitution**

Under Fed. R. Civ. P. 25(a)(1), "[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." Plaintiffs now move to substitute Pamela Plowden, plaintiff Johnson's daughter and personal representative of her estate, for Johnson. To support their motion, plaintiffs provide Plowden's affidavit, in which she states that she has reached the age of majority, Plowden Aff. ¶ 1; has been named the personal representative of her mother's estate, *id*. ¶ 4; and wishes to pursue her mother's claims against USCP, *id*. ¶ 5. Plaintiffs also supply a certification from the State of Maryland indicating that Plowden was appointed as the personal representative of Johnson's estate on May 17, 2005. Pl.'s Mot. to Substitute, Ex. 2. Accordingly, plaintiffs have demonstrated that the substitution of Plowden is appropriate, and the court grants their motion.

## ORDER

For the foregoing reasons, it is this 26th day of July, 2005, hereby

**ORDERED**, that USCP's motion to dismiss plaintiff Johnson is **DENIED**; and it is further

**ORDERED**, that plaintiffs' motion to substitute Pamela Plowden for plaintiff Johnson is **GRANTED**.

Henry H. Kennedy, Jr.
United States District Judge