UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AVA JOHNSON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES CAPITOL POLICE BOARD,<br>    Defendant. | Civil Action 03-00614 (HHK) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Ava Johnson and Peggy Wilson allege that their employer, the United States Capitol Police Board ("USCP") discriminated against them on the basis of race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as applied to the legislative branch of the federal government by the Congressional Accountability Act of 1995 ("CAA"), 2 U.S.C. §§ 1301–1438. On June 15, 2005, USCP filed a notice indicating that plaintiff Johnson had died on May 4, 2005. On July 5, 2005, the court denied USCP's motion for summary judgment. Trial is currently scheduled to begin on August 22, 2005.

USCP next moved, on July 13, 2005, to dismiss Johnson's claims, arguing that upon her death CAA no longer waived sovereign immunity for her claims. The court denied this motion on July 26, 2005, and a day later USCP filed a notice of appeal to the D.C. Circuit. On the basis of this appeal, USCP now moves the court to stay trial and all other proceedings in this case pending the outcome of the appeal [#112]. Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that USCP's motion must be denied.

"The jurisdiction of the courts of appeals to review district court actions is limited to 'final orders,'" *Pueblo of Sandia v. Babbitt*, 231 F.3d 878, 880 (D.C. Cir. 2000) (citing 28 U.S.C. § 1291).  A 'final decision' under 28 U.S.C. § 1291 is generally one that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Id*.  Although a district court's denial of a motion to dismiss is not typically a 'final decision' subject to appeal under this definition, under a well-recognized exception – the collateral order doctrine – a denial of a motion to dismiss on the grounds of sovereign immunity is subject to interlocutory appeal.  *Price v. Socialist People's Libyan Arab Jamahiriya*, 389 F.3d 192, 196 (D.C. Cir. 2004).  Such an appeal typically divests the district court of jurisdiction over the case pending resolution.  *Princz v. Fed. Republic of Germany*, 998 F.2d 1, 1 (D.C. Cir. 1993).  For the district court to automatically lose jurisdiction, though, the appeal must be "non-frivolous," *Bombardier Corp. v. Nat'l R.R. Passenger Corp.*, No. 02-7125, 2002 WL 31818924 at *1 (D.C. Cir. Dec. 12, 2002).  A frivolous appeal "does not stop the district court in its tracks," *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989), for "otherwise, a litigant could temporarily deprive a court of jurisdiction at any and every critical juncture." *United States v. Ferris*, 751 F.2d 436, 440 (1st Cir. 1984) (quoting *Hodgson v. Mahoney*, 460 F.2d 326, 328 (1st Cir. 1972)).  The case may properly proceed to trial when the district court certifies an appeal as frivolous.  *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *Apostol*, 870 F.2d at 1339.  The court does so here.

An appeal "may be deemed frivolous if it is wholly unsupported by law or facts." *Magee v. Hatch,* 26 F. Supp. 2d 153, 155 (D.D.C. 1988) (citing *Crisafi v. Holland*, 655 F.2d 1305 (D.C. Cir. 1981) (other citations omitted)); *see also Mays v. Chicago Sun-Times*, 865 F.2d 134, 138 (7th Cir. 1989) ("An appeal is frivolous when the result is obvious," or when the movant's argument "is wholly without merit.") (quoting *Indianapolis Colts v. Mayor and City Council of*

*Baltimore*, 775 F.2d 177, 184 (7th Cir. 1985)).  Here, the parties agree that CAA only waives Congress' immunity for the claims of a "covered employee," which includes "any employee of . . . the Capitol Police," 2 U.S.C. § 1301(3), as well as former employees[1] and applicants for employment.  *Id*. § 1301(4).  Furthermore, to establish a waiver of sovereign immunity, the complainant must exhaust specified administrative remedies.  *See* 2 U.S.C. §§ 1402 – 1404; *Halcomb v. Office of the Senate Sergeant-at-Arms*, 209 F. Supp. 2d 175, 178-79 (D.D.C. 2002). The parties also agree that plaintiff Johnson was an employee of USCP, exhausted these administrative remedies, and filed a timely complaint.  USCP urged the court to dismiss Johnson's claims anyway, on the grounds that because she died before their final resolution, the CAA's waiver of sovereign immunity is no longer operative.  In its memorandum opinion and order of July 26, 2005, the court rejected this argument as meritless.

USCP now appeals the court's conclusion and seeks a stay of these proceedings.[2]  While the court is mindful that the existence of a valid waiver of sovereign immunity is an essential inquiry in any suit against the government, sovereign immunity is not "a trump card that may be held in reserve until a defendant sees fit to play it," *Ungar v. Palestine Liberation Org.*, 402 F.3d 274, 293 (1st Cir.), *reh'g and reh'g en banc denied* (May 20, 2005).  USCP may not freeze this litigation simply by invoking sovereign immunity talismanically; indeed, the court must be diligent in assuring "orderly judicial management of the vexing procedural problems that

---

[1] CAA includes no provision limiting this definition of coverage to former employees or applicants for employment who survive through trial or other final adjudication of their claims.

[2] A non-frivolous appeal under the collateral order doctrine confers "exclusive jurisdiction" on the court of appeals "to resolve the threshold issue" of jurisdiction, rendering a motion to stay moot.  *Bombardier*, No. 02-7125, 2002 WL 31818924 at *1 (D.C. Cir. Dec. 12, 2002).

accompany assertions of immunity." *Id*. (citation and internal quotation marks omitted). USCP advances the novel proposition that CAA here waives Congress' sovereign immunity, only to later restore that immunity upon a particular contingency. Because USCP makes this assertion without offering either support or plausible explanation, its appeal must be certified as frivolous; "sovereign immunity, once waived, cannot be reasserted." *Aquamar, S.A. v. Del Monte Fresh Produce N.A., Inc.*, 179 F.3d 1279, 1287 n.18 (11th Cir. 1999); *see also Lehman v. Nakshian*, 453 U.S. 156, 172 n.1 (1981) ("Once Congress has waived the Government's immunity . . . sovereign immunity drops out of the picture.").

## ORDER

For the foregoing reasons, it is this 8th day of August, 2005, hereby

**ORDERED**, that USCP's motion to stay the proceedings is **DENIED**; and it is further

**ORDERED**, that USCP's interlocutory appeal of the court's July 26, 2005 order is certified as frivolous; and it is further

**ORDERED**, that trial in this case shall proceed as scheduled beginning on August 22, 2005.

                                                        Henry H. Kennedy, Jr.
                                                        United States District Judge